UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STACI MITCHELL, | Case No. 3:26-cv-00115-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| ALLSTATE FIRE AND CASUALTY INSURANCE, *et. al.,,* | |
| Defendants. | |

I.    **SUMMARY**

Defendant Allstate Insurance Company ("AIC") removed this action arising from an auto accident based on diversity jurisdiction after AIC was added as a defendant in Plaintiff's 2nd Corrected Third Amended Complaint ("TAC"), seven years after the commencement of the case.[1] (ECF No. 1.) Before the Court is Plaintiff's motion to remand. (ECF No. 18 ("Motion").)[2] For the reasons explained below, the Court grants the Motion and remands the case to state court.

II.    **BACKGROUND**

Plaintiff filed the underlying action in the Second Judicial District Court, Washoe County, Nevada on February 15, 2019. (ECF No. 21 at 3.) AFC, then the sole defendant, petitioned for removal on March 22, 2019. *See Mitchell v. Allstate Fire and Casualty Ins. Co.,* No. 3:19-cv-00160-MMD-CBC (D. Nev. Mar 22, 2019) (ECF No. 1). On April 30, 2019, the Court granted Plaintiff's motion to remand to state court, finding

---

[1]Defendant Allstate Fire and Casualty ("AFC") consented to removal. (ECF No. 7.)

[2]Defendants opposed (ECF Nos. 20, 21), and Plaintiff replied (ECF Nos. 24, 25). Defendant AFC noted that it also incorporates arguments raised in AIC's opposition brief. (ECF No. 21 at 7.)

AFC failed to carry its burden to show the amount in controversy requirement was satisfied. *See Mitchell v. Allstate Fire & Cas. Ins. Co.,* No. 3:19-cv-00160-MMD-CBC, 2019 WL 1916192 (D. Nev. Apr. 30, 2019).

On December 9, 2025, the state court granted Plaintiff leave to amend her complaint to add AIC as a defendant under an alter ego theory. (ECF No. 21-2 at 2-13.) Plaintiff filed the TAC on January 8, 2026. (ECF No. 1-2 at 6-26.) AIC was served on January 14, 2026. (ECF No. 1 at 1.) On February 13, 2026, almost exactly seven years after Plaintiff initiated this action, AIC removed the case based on diversity jurisdiction, asserting that Plaintiff seeks damages in excess of $75,000. (ECF No. 1 at 2.)

**III.   DISCUSSION**

Plaintiff seeks to remand on two grounds—AIC fails to establish the amount in controversy to establish diversity jurisdiction[3] and removal was improper under 28 U.S.C. § 1446(c)(1). (ECF No. 18 at 4.) The Court agrees that removal was improper under Section 1446 and grants the Motion on this ground.[4]

Section 1446 outlines the procedures to remove a civil action from a state to federal court. Section 1446(c)(1) provides:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1). Plaintiff contends Section 1446(c)(1) applies here, rendering AIC's removal seven years after commencement of this action defective. (ECF No. 18 at 4.) Defendants counter that Section 1446(c)(1)'s one year limit applies to subsection (b)(3), not subsection (b)(1) upon which AIC based its removal. (ECF No. 20 at 10-11.)

---

[3]To establish diversity subject matter jurisdiction, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).

[4]Accordingly, the Court declines to address Plaintiff's first ground for seeking remand.

Defendants' argument that AIC's removal was based on subsection (b)(1) and not under subsection (b)(3) is unpersuasive. Subsection (b)(1) gives a defendant 30 days from receipt of the "initial pleading" to remove. *See* 28 U.S.C. § 1446(b)(1). The only exception to this triggering event is found in subsection (b)(3). Section 1446(b)(3) provides, in pertinent part, that "if the case stated by the *initial pleading is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading* . . . which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3) (emphasis added). Here, AIC did not remove based on the "initial pleading" under subsection (b)(1) but based on the TAC. Defendant AFC previously removed based on the initial pleading and the Court concluded it was "not removable" because AFC failed to establish the amount in controversy was met.[5] *See Mitchell*, 2019 WL 1916192. Defendant AIC then removed after service of an "amended pleading," the TAC filed with leave of court years later, and Defendants argue the case "is …removable". Therefore, AIC's removal could not be based on subsection (b)(1) and falls under the (b)(3) exception, to which the one-year limitation in (c)(1) applies.

AIC relies on *Destfino v. Reiswig,* 630 F.3d 952 (9th Cir. 2011) to argue that Section 1446(c)(1) does not apply to AIC's removal. In that case, the Ninth Circuit Court of Appeals adopted the "later-served defendant" rule, holding that "each defendant is entitled to thirty days to exercise his removal rights after being served." *Destifino,* 630 F.3d at 956. But there the Ninth Circuit was addressing the timeliness of removal in the situation where a later-served defendant filed "a notice of removal within thirty days of

---

[5]Defendants argue that Plaintiff has acted in bad faith in "minimizing the value of her claim when necessary to avoid federal jurisdiction, while otherwise consistently valuing her claim far in excess of $75,000." (ECF No. 21 at 11-12.) Defendant relies on records prior to the initial removal and the parties' litigation post-removal. (*Id.*; ECF No. 20 at 11-12.) The Court agrees with Plaintiff that the information Defendants offer reflects the contentious lengthy underlying action, not evidence that Plaintiff deliberately withheld evidence establishing the amount in controversy in connection with the prior removal. (ECF No. 24 at 10.)

receiving a copy of the *initial* pleading." *Id.* at 955 (emphasis added). In that situation, the Court held that a later-served defendant is entitled to their own 30-day period. That rule does not apply here, where AIC did not remove within 30 days of receiving the "initial pleading" but rather an amended pleading.

The Court finds Defendants do not meet their burden to establish removal is proper and moreover, any doubt must be resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Properly construing these removal statutes narrowly,[6] the Court agrees with Plaintiff that removal was procedurally defective and will grant the Motion on this ground. The Court denies Plaintiff's request for attorneys' fees because the Court does not find that AIC "vexatiously removed this matter." (ECF No. 18 at 4.)

## IV.    CONCLUSION

The Court notes that Plaintiff and Defendant made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 18) is granted. This action is remanded to the Second Judicial District Court in Washoe County, Nevada.

It is further ordered that the Clerk of Court kindly close this case.

DATED THIS 19th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[6]*See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). Plaintiff cites to this case, which supports the general proposition that federal courts are courts of limited jurisdiction and therefore removal statutes should be strictly construed. (ECF No. 24 at 7 (citing *id.* at 108-09).) However, Plaintiff includes quotations that are not found anywhere within the *Shamrock* opinion. (*Id.*)